UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Anthony Brown, | Civ. No. 12-723 (PJS/JJK) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| Warden Brian R. Jett, Bureau of Prisons, | |
| Respondent. | |

Anthony Brown, #43238-019, Federal Medical Center, PMB 4000, Rochester, Minnesota 55903-4000, *pro se*.

Erika R. Mozangue, Esq., Gregory G. Brooker, Esq., and Lonnie F. Bryan, Esq., Assistant United States Attorneys, counsel for Respondent.

JEFFREY J. KEYES, United States Magistrate Judge

This matter is before this Court on Petitioner Anthony Brown's Petition for a Writ of Habeas Corpus (Doc. No. 1), and his Motion for Injunctive Relief (Doc. No. 3). The District Court has referred this matter to this Court for a Report and Recommendation under 28 U.S.C. § 636 and D. Minn. Loc. R. 72.1. This Court finds that it is no longer possible to provide any meaningful relief to Petitioner by the writ of habeas corpus or in the form of injunctive relief because he has already been released from custody. Therefore, this Court recommends that the Petition be summarily dismissed as moot.

In 1993, the United States District Court for the Northern District of Georgia sentenced Petitioner to a 292-month term of imprisonment following a jury trial resulting in his conviction on charges of conspiracy to distribute cocaine, racketeering, and money laundering.  He is currently serving his sentence at the Federal Medical Center in Rochester, Minnesota.  His projected release date is October 18, 2013.

On March 22, 2012, Petitioner filed his habeas Petition and his motion for injunctive relief, requesting that Respondent be ordered to grant him twelve months of credit toward his sentence under 18 U.S.C. § 3621(e).  Under that statute, he contends that he is entitled to a one-year reduction in his sentence and extended halfway house placement, but that he was denied that reduction by retroactive application of regulations promulgated by the Federal Bureau of Prisons ("BOP").  Specifically, he contends that he agreed to participate in a drug treatment program that would have earned him this reduction in time under prior BOP regulations, but because his criminal sentence was enhanced due to his possession of a firearm in the commission of a drug crime, he was disqualified from that program.

On April 23, 2012, Respondent filed his response to the Petition. Respondent asserts that Petitioner will be eligible for early release so long as he completes the drug treatment program, and that he still must complete that program in a half-way house to earn his early release.  Respondent  states that Petitioner was initially deemed ineligible for an early release by way of

2

participating in the drug treatment program. But later the BOP reviewed that initial determination and determined that Petitioner was, in fact, eligible for the drug treatment program and an early release once he successfully completed that program. Respondent, therefore, argues that the Petition is moot and should be denied as a result.

On June 6, 2012, because it appeared to this Court that Petitioner's Petition sought relief he would be receiving as a result of his eligibility for and participation in the drug treatment program, this Court ordered Respondent to inform the Court by June 30, 2012, of the status of Petitioner's release to a halfway house known as a Residential Reentry Center ("RRC"). On June 22, 2012, Respondent informed this Court that the BOP transferred Petitioner to an RRC on June 20, 2012, where Petitioner is currently confined.

The BOP's decision to transfer Respondent to an RRC means that he is no longer in Respondent's custody. *Sobie v. Morrison*, No. 06-1149 (RHK/JSM), 2006 WL 2439099, at *1 (D. Minn. Aug. 22, 2006) (finding habeas petition seeking early placement in RRC moot after petitioner was transferred to halfway house, where he would remain until his projected release date). Because Petitioner is no longer in Respondent's custody and it does not appear that a Writ of Habeas Corpus would still provide him with some genuine benefit, this Court lacks jurisdiction over the Petition and Petitioner is not entitled to relief under 28 U.S.C. § 2241. *See Copley v. Keohane*, 150 F.3d 827, 829–30 (8th Cir. 1998) (dismissing appeal as moot and citing *Jones v. Cunningham*, 371 U.S. 236, 241

(1963) ("[W]hen the petitioner was placed on parole, his cause against the Superintendent of the Virginia State Penitentiary became moot because the superintendent's custody had come to an end, as much as if he had resigned his position with the State."); *United States ex rel. Innes v. Crystal*, 319 U.S. 755, 755 (1943) ("[A]s a general rule, when a Habeas petitioner protests the conditions of his confinement, his claim becomes mooted when those conditions no longer exist . . . . Once a Habeas petitioner is released from custody. . . . his case becomes moot, unless he can show that a Writ of Habeas Corpus would still provide him some genuine benefit.").  Therefore, this Court concludes that the Petition is moot and should be dismissed, and Petitioner's motion for injunctive relief should, consequently, be denied.

## RECOMMENDATION

Based on the above, and on the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. The Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. No. 1), be **DISMISSED AS MOOT**; and

2. Petitioner's Motion for Injunctive Relief (Doc. No. 3), be **DENIED**.

Date: June 26, 2012

                                                *s/ Jeffrey J. Keyes*
                                                JEFFREY J. KEYES
                                                United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **July 10, 2012**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within **fourteen days** after service thereof.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.